EDWARD B. LEIGH

*v.*

THE NATIONAL HOLLOW BRAKE-BEAM COMPANY.

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. COURTS—*when a common law court is not the proper forum.* A common law court, in an action of assumpsit, is not the proper forum in which to litigate and settle intricate and disputed accounts between the parties, involving many transactions and business ventures in which the parties have been associated for years previous to the beginning of the suit.

2. The principal questions at issue in this case are controlled by the decision in *Leigh* v. *American Brake-Beam Co.* 205 Ill. 147.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

JOHN P. AHRENS, and DAVID S. GEER, for appellant.

DEFREES, BRACE & RITTER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee sued the appellant in assumpsit at the February term, 1904, of the circuit court of Cook county. Appellant pleaded general issue. The jury having been waived, the cause was submitted to the court and tried at the December term, 1904, when judgment was entered against appellant for $21,333.70. The Appellate Court affirmed this judgment.

Appellant and one Henry D. Laughlin had been associated together for many years in various business enterprises. They were the principal stockholders in appellee corporation herein. Up to within six years their relations were most friendly in every way. There then arose a misunderstanding and dispute as to the settlement of certain claims between them, and since that time they have been involved

in numerous litigations, either as parties themselves or as the moving factors and principal stockholders back of the various corporations that were parties.

Laughlin and Leigh were not only the principal stockholders but the principal officers and in practical control of the National Hollow Brake-Beam Company. In 1900, and for some time previous, the appellant had been the treasurer. January 3, 1900, he took $5000 belonging to the National Hollow Brake-Beam Company and used it for the purpose of paying certain claims in a mining venture in which he and Laughlin were both interested but in which the National Hollow Brake-Beam Company had no interest, directly or indirectly. On January 15, 1900, he took $2021.75 belonging to the National Hollow Brake-Beam Company and used it in the same mining venture, accepting in payment for both these amounts the note of one Atkins, who appears to have been interested in the mining venture. These two items, with interest to December 29, 1904, amounted to $8768.20. This last named amount is the only part of the entire judgment entered below that appellant seriously questions. He substantially admits that as to the balance of the judgment the finding of the Appellate Court is conclusive on this hearing, unless the rulings as to the admission and exclusion of evidence by the trial judge are held to be erroneous. We do not deem that the decision of the legal questions requires us to set out at length all the facts as they appear in the record before us. In the decision of the Appellate Court they will be found set out in detail.

Appellant attempted to show on the trial that he and Laughlin were the sole stockholders of the National Hollow Brake-Beam Company; that there had been a settlement of the accounts between them covering many years, involving hundreds of thousands of dollars, and that those accounts included the special account and amounts here involved; that appellant had the right to show all these facts in the trial of the issues of this cause and that he did not owe Laughlin

anything, but, on the contrary, in the settlement of accounts Laughlin would be found. to be indebted to appellant, and that therefore, in justice and equity, he did not owe the National Hollow Brake-Beam Company. He insists that the court erred in not permitting him to show all these facts, and cites in support of this contention a long line of decisions in which this court has held that an action of assumpsit is in the nature of an equitable action, and under the plea of general issue all defenses may be urged that go to show that the plaintiff is not equitably entitled to the amount of his claim. Counsel, in the reply brief of appellant, practically admit that under the ordinary practice the rulings on this question were correct, but claim that this controversy in its various phases is of such an extraordinary nature, with so peculiar a set of facts, that we ought to depart from the ordinary rules of procedure in order that injustice would not be done in this instance.

While the questions in controversy between appellant and Laughlin, unless adjusted out of court, ought to be finally presented to the court in such a way that they can be settled on their merits, yet after a somewhat exhaustive review of all the authorities presented we are of the opinion that the rulings of the trial court on the admission and exclusion of evidence were in entire harmony with the great weight of authority. If appellant wishes to have the question of accounting between himself and Laughlin in all their various business ventures, covering years, settled and adjusted, he should not choose an action of assumpsit, brought against him by a corporation in which he was an officer and one of the principal stockholders and where he clearly used the funds of the corporation for purposes entirely foreign to its business without authority of its. officers and directors, as a proper action for that purpose. We are convinced that if he were permitted to go into all these questions in this cause it would tend to complicate, rather than to clear up, the various points of dispute between him and Laughlin.

We agree with the Appellate Court that the decision of this court in *Leigh* v. *American Brake-Beam Co.* 205 Ill. 147, must be held conclusive on the principal question at issue in this case. While it is true the facts in that case were somewhat different in their detail from those in this proceeding, yet the legal questions involved are substantially the same. Appellant paid out $7021.75 of the money of the National Hollow Brake-Beam Company without legal authority. In an action by this company to recover this money, with interest thereon, it was not competent to show on the trial below the facts alleged in the offer of appellant. A common law court, in an action of assumpsit between the parties to this litigation, is not the proper forum in which to litigate and settle intricate and disputed accounts between appellant and Laughlin covering all of their complex dealings with the appellee corporation, and necessarily involving, as appears from this record, many of their transactions in various other corporations and business ventures in which these two men had been associated for years previous to the beginning of this action.

We find no error in the record that would justify this court in setting aside the judgment of the Appellate Court. It will therefore be affirmed.          *Judgment affirmed.*